**SHI WU DONG, Petitioner,**

**v.**

Eric H. HOLDER, Jr.,* United States Attorney General, Respondent.

No. 06–3498–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

Peter D. Lobel, New York, NY, for Petitioner.

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former

Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Brendan P. Hogan, Attorney; Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, and PIERRE N. LEVAL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Shi Wu Dong, a native and citizen of the People's Republic of China, seeks review of a June 29, 2006 order of the BIA denying his second motion to reopen. *In re Shi Wu Dong,* No. A072 482 991 (B.I.A. Jun. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Dong's second untimely motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Dong argues that the BIA erred in concluding that the evidence he submitted failed to demonstrate material changed country conditions sufficient to excuse the untimely filing of his motion to reopen. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to

Attorney General Alberto R. Gonzales as respondent in this case.

that which Dong submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).